IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                  CRIMINAL NO. 2:13cr21-KS-MTP

KENTORRE D. HALL, ROGER RANDELL JONES,
AND MARTEL TORRES BARNES

ORDER OVERRULING DEFENDANTS' MOTIONS
FOR NEW TRIAL, OR IN THE ALTERNATIVE,
FOR ACQUITTAL

This cause is before the Court on the following motions, to-wit:

[187] Defendant Martel Barnes' Motion for Judgment of Acquittal, or Alternatively, Motion for New Trial;

[188] Defendant Roger Randell Jones' Motion for Acquittal, or in the Alternative, Motion for New Trial; and

[190] Defendant Kentorre Hall's Motion for New Trial, or in the Alternative, Motion for Acquittal.

The Government has responded to the three motions above stated in a joint reply [192]. The Court has considered the Motions, Responses, applicable rules and applicable law and finds that for the reasons hereinafter stated, that the motions should be **denied**.

DISCUSSION

All three Defendants made motions for directed verdict, or for acquittal, at the conclusions of the Government's case and at the conclusion of the trial. They were denied by the Court and the case was submitted to the jury. After a jury verdict, the motions should be considered under Rule 29(c), which states:

**After Jury Verdict or Discharge**

> (1) Time of Motion.  A defendant may move for a judgment of acquittal, or renew such a motion, within fourteen days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion.  If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.  If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>
> (3) No Prior Motion Required.  A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury or as a prerequisite for making such a motion after jury discharge.

Applicable case law states that in order to grant defendants' motions for acquittal, the Court must find that there was insufficient evidence to support the conviction.  A "review of the sufficiency of the evidence is 'highly deferential to the verdict.'" *United States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008).  The Court has considered the testimony and the exhibits offered.  The evidence against each of the Defendants on the counts on which they were respectively convicted was overwhelming.  There was extensive testimony from a large number of witnesses and extensive documentary evidence corroborated the testimony.   This Court cannot say that any of the verdicts are against the overwhelming weight of the evidence or are a miscarriage of justice and, therefore, the Court finds that said motions for judgment of acquittal should be **denied**.

### Motions for New Trial

Defendants' motions for new trial are examined pursuant to Fed. R. Crim. P. Rule 33, which states:

> **New Trial**
> (a) Defendant's motion.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of

> justice so requires. If the case was tried without a jury, the court
> may take additional testimony and enter a new judgment.

The Defendants each argue a number of specific grounds they say entitle them to a new trial. Their arguments regarding the guns found at the Cedar Grove Road house and tying them to a triple homicide are not well taken. There was adequate proof in the record to allow the admission of the testimony and other proof regarding the guns. Each of the Defendants were charged with conspiracy to possess and possessing a firearm in relation to a drug trafficking offense. Circumstances regarding reasons drug dealers use guns and tying drug dealers to those guns, are intrinsic to the gun charges. This ground is not well founded.

The Defendants further allege that evidence of gang affiliation was "extremely prejudicial." The testimony was overwhelming that this was a drug trafficking organization headed by Mr. Hall and because of his physical circumstances, he had to have persons to do his bidding to accomplish the goals of the organization. There was evidence of gang signs and symbols, including clothing and certain text messages. Such proof is relevant to establish an organization and also to establish a relationship between individuals. The gang affiliation testimony was limited and was not couched in ways that would unduly prejudice the jury. Such evidence is relevant, material and certainly probative of the facts charged in the indictments. This ground is **denied.**

### Allowing the testimony of Kevin Sims.

The Defendants complained that the testimony of the witness, Kevin Sims, should have been stricken because he admitted smoking methamphetamine on the way to court. The fact that he may or may not have been impaired goes to credibility and not admissibility. The jury was adequately instructed regarding this issue and the Court finds that this ground has no merit.

**The Court's response to jury question.**

The Defendants were charged with "Maintaining a Place for Controlled Substances" in Count Three. The issue was raised by the jury as whether a vehicle outside could be a "place." This was a jury issue and the jury obviously found that the car sitting in the yard of the house was, indeed, a place. This ground is **denied.**

**Allegations as to insufficiency of the evidence.**

The parties claim that the evidence was insufficient. The Court has previously found that the evidence is overwhelming and that this ground is baseless and **denied.**

**Additional grounds asserted by Defendant Hall.**

The Court has considered the additional grounds asserted by Defendant Hall, including the hearsay objections regarding Facebook messages, etc. The objections to the evidence complained of address weight and not admissibility. The Court found that there was sufficient proof to allow the admission of the evidence and whether or not it was true or not was a jury question. Certainly the complained of evidence was relevant and was not unduly prejudicial. A reasonable foundation was established by supporting witnesses. The Court has considered all of the objections of all of the Defendants and finds that none of the Defendants have a reasonable basis for a new trial and the Court finds that all of the motions should be and are, hereby, **overruled**.

SO ORDERED on this the 24th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE