# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:13-CR-21-KS-MTP
    CIVIL ACTION NO. 2:17-CV-209-KS-MTP

**KENTORRE D. HALL**  **DEFENDANT**

## ORDER

This matter is before the Court on the Motion for Reconsideration [291] filed by Defendant Kentorre D. Hall ("Defendant").

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Defendant does not allege that there has been an intervening change in the law or that new evidence has been discovered. Therefore, the Court assumes he brings his motion under the third ground for reconsideration of a previous order.

Defendant has not shown that a clear error of law or manifest injustice exists that would warrant reconsideration of the Court's previous Order [289]. As the Court found in its Order [289], Defendant's motion was based solely on a misunderstanding of the decision in *Riley v. California*, 134 S. Ct. 2473, 189 L.Ed.2d 430 (2014). *Riley* focused only on warrantless searches of cell phones seized from individuals under arrest. *Id.* at 2480. Defendant admitted in his motion, though, that his phone on both occasions was seized pursuant to search warrants. The validity of these search warrants was not challenged in his original motion, nor did Defendant make the argument that his cell phone was outside the scope of these warrants. Defendant now brings his Motion for Reconsideration [291] after the Court pointed out that these arguments were missing in its ruling. (*See* Order [289] at p. 2.) The Court will not reconsider its ruling based on arguments that could and should have been brought in Defendant's original motion.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [291] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 1st day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE