IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                          **CRIMINAL NO. 2:13-CR-21-KS-MTP**

**KENTORRE D. HALL**

<u>**ORDER**</u>

On October 6, 2014, a jury convicted Defendant Kentorre Hall of conspiracy to possess multiple controlled substances with intent to distribute, in violation of 21 U.S.C. § 846; maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); conspiracy to possess firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o); possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On November 24, 2014, the Court sentenced Defendant to life imprisonment. On August 7, 2020, Defendant filed a Motion for Compassionate Release [310] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he

1

meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL §

1B1.13 cmt. n. 1(B)-(C).

Defendant is currently housed at the United States Medical Center for Federal Prisons in Springfield, Missouri. He represents that there have been at least seven staff cases of COVID-19 in the facility. He argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. He contends that there is no way to make a correctional facility safe, and that he should be immediately released to home confinement. He also argues that he is at high risk of illness or death from COVID-19 because of his age, hypertension, and quadriplegia. Defendant has been paralyzed since the age of 20, and he contends that his paralysis leaves him vulnerable to many life-threatening medical conditions, including COVID-19. Defendant contends that he would not be a danger to the safety of any other person or the community if released, and that he would be in a much safe environment if released to home custody.

First, if released, Defendant would pose a grave danger to public safety. Indeed, Defendant's history of violent criminal conduct and position as a leader in the Vice Lords criminal organization were factors in the Court's decision to impose a life sentence. Although Defendant was confined to a wheelchair, he was able to provide directions and lead a criminal organization. In addition to the charged drug trafficking crimes, agents received information that Defendant directed others to conduct numerous other drug transactions, and that he directed multiple murders in Jefferson Davis County. He has an extensive criminal history, including charges of

3

aggravated assault, commercial burglary, armed robbery, drive-by shooting, and possession of a controlled substance with intent to distribute.

The Court also finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant's age, hypertension, and quadriplegia do not constitute a "serious physical or medical condition[s] . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. Moreover, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in

4

and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Additionally, Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5.

Defendant is a violent career criminal who directed a criminal organization responsible for multiple murders, despite being a quadriplegic confined to a wheelchair. He is currently housed in the United States Medical Center for Federal Prisons in Springfield, Missouri, which is presumably one of the safest federal prison

facilities in the country, in terms of COVID-19 transmission mitigation and treatment. If Defendant's living conditions prior to arrest are any indication, the medical facility can undoubtedly provide for his needs better than his cousin. Moreover, BOP's response to the pandemic, outlined in detail in the Government's brief, is sufficient, given the circumstances and logistical issues presented by a prison environment. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [76].[1]

SO ORDERED AND ADJUDGED this 24th day of November, 2020.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).