UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO. 2:13-CR-21-KHJ-MTP

KENTORRE HALL

ORDER

Before the Court is Defendant Kentorre Hall's ("Hall") [387] Motion for Sentence Reduction Under 18 U.S.C. § 3582 (c)(1)(A). The United States of America ("the Government") opposes the [387] Motion. *See* Resp. [389]. For the reasons stated below, the Court denies the [387] Motion.

I.  Background

In October 2014, a jury convicted Defendant Hall of multiple drug related offenses—conspiracy to possess multiple controlled substances with intent to distribute, in violation of 21 U.S.C. § 846; maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1); conspiracy to possess firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(o); possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See* Jury Verdict [179]; This Court sentenced Hall to a term of life in prison. *See* Min. Entry dated 11/24/14; J. [198]. He is incarcerated at MCFP Springfield, a medical facility for federal prisoners.

Hall filed his first [310] Motion for Compassionate Release in 2020 based on the then-ongoing COVID-19 pandemic. Mot. [310]. The Court denied the [310] Motion. *See* Order [320]. Hall's [378] Motion renews his request for early release, relying on many of the same medical issues as he did in 2020, including his quadriplegia—a condition caused by a gunshot wound in 2002. Jackson Letter [387-3] at 7. Hall also contends he qualifies for relief under the "Unusually Long Sentence" provision of the U.S. Sentencing Guidelines Policy Statement. [387] at 6.

II.   Legal Standard

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A compassionate release motion may be made by either the BOP or a defendant, but a defendant may file such motion only after he exhausts his BOP administrative remedies. *Id.* § 3582(c)(1)(A). If the defendant satisfies the exhaustion requirement, the Court examines whether the defendant has shown that (1) extraordinary and compelling reasons warrant such a reduction and (2) such a reduction is consistent with the Sentencing Commission's applicable policy statements.[1] *Id.* If the Court makes those two findings, the Court considers whether the sentencing factors in 18 U.S.C. § 3553(a) counsel for or

---

[1] The applicable policy statement is U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)) ("Policy Statement").

against release. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

III. Analysis

    A. Exhaustion of Administrative Remedies

The Court first determines whether Hall exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i).

An inmate—like Hall—has "two routes by which he may exhaust his administrative remedies." *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). He must begin by "requesting that the BOP bring a motion on [his] behalf." Id. (citation modified). After he does so, he has two options. *Id.* First, he "may wait for a response from the BOP and seek further administrative review of that response (assuming it is adverse)." *Id.* (citation modified). If he chooses this path, he may only come to district court after he has "exhausted all administrative rights to appeal." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Alternatively, an inmate "may wait 30 days after filing his request and—whether BOP has ruled on the request or not—he is free to file a motion in the district court." *Id.*

The record demonstrates that Hall requested a compassionate release from BOP, and BOP denied his request on August 23, 2024. *See* Denial Letter [387-3] at 11. More than 30 days passed before Hall filed his [387] Motion on July 16, 2025. *See* generally [387]. Under this timeline, Hall satisfied Section 3582(c)(1)(A)'s exhaustion requirement. The Government does not argue otherwise. Accordingly, the Court finds that Hall exhausted his administrative remedies and turns now to the merits of his request.

B. Extraordinary and Compelling Reasons

Having satisfied the exhaustion requirement, Hall next must demonstrate that "extraordinary and compelling reasons" justify a sentence reduction. *United States v. Hernandez*, No. 24-10734, 2026 WL 228770, at *2 (5th Cir. Jan. 28, 2026) (per curiam). In 2023, the United States Sentencing Commission amended its Policy Statement, which informs the Court's analysis here. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement")). The Policy Statement now contains a non-exclusive list of six extraordinary and compelling reasons that could warrant a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(1–6). Hall seeks early release under two of these reasons—medical circumstances and an "unusually long sentence." [387] at 4–5. The Court examines each reason below.

1. Hall's Medical Conditions

Hall asks the Court to reduce his sentence because of his medical condition. [387] at 4–5. But Hall has not shown that his condition warrants a reduction.

Section 1B1.13 describes what medical conditions might warrant a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(1)(A–D). These include "a terminal illness;" "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

4

U.S.S.G. § 1B1.13(b)(1)(A)–(C). Hall claims to have all three, but the Court is unpersuaded.

First, Hall has not explained how his medical conditions meet the circumstances listed in the Policy Statement. Granted, Hall and the Government submitted thousands of pages of medical records[2] which confirm that Hall suffers from quadriplegia and other medical issues.[3] But Hall does not link these medical records to the Policy Statement's conditions. And it is not the Court's responsibility to scour the record to support Hall's request. *Cf. Perrodin v. Comm'r of Soc. Sec. Admin.*, No. 6:21-CV-02584, 2022 WL 1207403, at *4 (W.D. La. Apr. 1, 2022) (noting that claimant could not point to the entire record to support his position). Instead, Hall has the burden "to convince [this Court] to exercise discretion to grant the motion for [compassionate release] . . . ." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). He has not done so.

Rather than address his medical conditions in the context of the Policy Statement, Hall alleges that "[t]he current facility is not able to provide necessary treatment on [sic] a timely manner." [387] at 6. Hall's displeasure with the timing of his treatment is not an extraordinary and compelling reason under the Policy Statement. Moreover, even if untimely medical treatment were an "other reason"

---

[2] The Government submitted over 2,200 pages of medical records. *See* [392]; [392-1]; [392-2]; [392-3] (all under seal). The medical records Hall submitted are outdated because the medical conditions listed as "current" are dated 2015. *See* [387-2] at 2–5 (under seal).

[3] The medical records reveal that as of July 2025 Hall's medical conditions include pressure ulcer of buttock, quadriplegia, HTN, constipation, prediabetes, unspecific skin changes, anemia, and osteomyelitis. *See* [392] at 35.

for relief under subsection (b)(5), Hall has not explained how any such treatment worsened his health. *See* U.S.S.G. § 1B1.13(b)(5).

Even though Hall has not explained how he thinks his medical conditions satisfy the Policy Statement, the Court still briefly addresses why they do not.

First, despite Hall claiming he suffers from a "terminal illness," neither his quadriplegia nor any other current health condition is considered terminal.[4] *See* Special Progress Note dated 8/19/24 [392-4] (under seal).

Second, Hall is not entitled to relief simply because his paralysis diminishes his ability to provide self-care. Hall's medical condition is not a new circumstance. He has been paralyzed since before his incarceration—a fact known by both this Court and BOP. Both the Fifth Circuit and this Court have denied compassionate release for conditions already known at the time of sentencing. *See, e.g.*, *United States v. Bagent*, No. 22-30555, 2023 WL 106904, at *1 (5th Cir. 2023) (per curiam) (denying compassionate release based on defendant's preexisting conditions and vulnerability to COVID); *United States v. Edwards*, No. 2:09-CR-22-KS-MTP, 2022 WL 469083, at *2–3 (S.D. Miss. Feb. 15, 2022) (denying compassionate release based on defendant's preexisting conditions); *United States v. Walker*, No. 1:18-CR-167-HSO-JCG-1, 2020 WL 7237263, at *4 (S.D. Miss. Nov. 17, 2020) (same). Hall's

---

[4] The full text reads:

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13(b)(1)(A). None of Hall's conditions meet these criteria.

medical conditions are why he has been incarcerated at a medical facility for most, if not all, of his prison term.

Third, although Hall claims his condition has deteriorated since his last compassionate release motion, he does not explain how. [387] at 6. Even so, the Court agrees with the Government that Hall's conditions are neither an unforeseeable development nor something BOP was unprepared for. [389] at 5–6. Upon review of the medical records, the Court agrees that the BOP has continuously provided timely and necessary care for Hall's medical conditions. *Id*. Again, Hall's dissatisfaction with the timing of his medical treatment alone is not an extraordinary and compelling reason under the Policy Statement.

Fourth, Hall offers no explanation of where or how he would receive medical treatment upon release, who would provide that treatment, or whether it would improve upon his current care. Even though Hall has provided a [387-1] Proposed Release Plan, it states nothing more than that he intends to live in Hattiesburg with his mother. There is no evidence that his mother is capable or sufficiently qualified to care for her son the way a medical treatment facility can.[5] The Court reviewed Hall's letters of support, including his mother's. *See* [387-3] at 7–11. And while the Court empathizes with family members who would rather have their loved one at home, that is true for most of the prison population.

For these reasons, Hall has failed to establish that his medical circumstances warrant compassionate release.

---

[5] Hall is 43 years old.

2. Unusually Long Sentence

Hall also claims he is entitled to compassionate release because of his "unusually long sentence." [387] at 5. This argument also fails.

A defendant may be eligible for compassionate release if he "received an unusually long sentence and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). If he satisfies these initial criteria, then

> a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but *only* where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* (emphasis added).

Hall acknowledges that this is not his first request for compassionate release. [387] at 3. When asked about any circumstances or changes in the law since any prior motion, Hall responded that the Policy Statement added "served 10 years or more on an extremely long sentence." [387] at 6.[6] This allegation is not enough.

While Hall may have served more than 10 years of his sentence, he has not demonstrated the remaining requirement of subsection (b)(6): that a retroactive change in law would cause a gross between the sentence imposed and the sentence likely to be imposed under the current law. *See* U.S.S.G. § 1B1.13(b)(6). And without that, Hall does not qualify for relief based on the length of his sentence.

---

[6] Hall also responded that his health has deteriorated, which the Court already addressed. [387] at 6.

8

Also worth noting, Hall did not receive one life sentence for a singular offense. His life sentence on Count 1 runs concurrently or consecutively with the sentences imposed on other counts. *See* [198] at 3. But Hall does not argue that he is entitled to relief from these other sentences. For these reasons, Hall has failed to establish that the length of his sentence is an extraordinary and compelling reason under the Policy Statement.

      3. Section 3553 Factors

Even if the Court were to find extraordinary and compelling reasons exist for a sentence reduction, Section 3582(c)(1)(A) mandates that the Court consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable" and determine whether they counsel for or against release. *Shkambi*, 993 F.3d at 393. These are some factors a court may consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed . . . medical care;

18 U.S.C. § 3553(a)(1–2).

A court may still deny compassionate release where the § 3553(a) factors override what would otherwise be extraordinary and compelling circumstances. *See*

*Jackson*, 27 F.4th at 1089 (explaining that a "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction."). Even when a defendant's medical situation is "dire," the Fifth Circuit has "regularly affirmed the denial of a compassionate release motion . . . where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

Here, Section 3553(a)'s factors counsel strongly against an early release. In denying Hall's first request for compassionate release, this Court noted:

> Defendant has been paralyzed since the age of 20 and yet would still pose a grave danger to public safety if released. Hall's history of violent criminal conduct and position as a leader in the Vice Lords criminal organization were factors in the Court's decision to impose a life sentence. Although Defendant was confined to a wheelchair, he was able to provide directions and lead a criminal organization. In addition to the charged drug trafficking crimes, agents received information that Defendant directed others to conduct numerous other drug transactions, and that he directed multiple murders in Jefferson Davis County. He has an extensive criminal history, including charges of aggravated assault, commercial burglary, armed robbery, drive-by shooting, and possession of a controlled substance with intent to distribute.

[320] at 3–4.[7] These compelling facts go to not only "the nature and circumstances of the offense and the history and characteristics of the defendant" but also "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to adequately deter further criminal

---

[7] Judge Keith Starrett presided over Hall's jury trial and imposed his sentence. *See* Order [320]. Hall's case was reassigned to the undersigned on November 5, 2025. *See* Order [394].

conduct and protect the public. 18 U.S.C. § 3553(a)(1),(2). Nothing in Hall's [387] Motion changes the Court's view of these factors.

Although Hall submitted a list of classes and programs he has attended while incarcerated, his participation, while laudable, does not change the severity of his crimes. *See United States v. Beaumont*, 759 F. Supp. 339, 340 (E.D. Tex. 1991) ("Drug offenses are by their nature dangerous to the community."). Simply participating in such programs is not a sign of rehabilitation, and even so, rehabilitation alone cannot justify early release. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Because the Section 3553 factors counsel strongly against release, the Court denies the [387] Motion.

IV.  Conclusion

For the reasons stated above, the Court denies the [387] Motion. In reaching its decision, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 9th day of February, 2026.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE